**Mains Estate**

*J. R. Rygiel*, for petitioner.

*Bernard T. John*, for respondent.

REILLY, P. J., April 22, 1969.—William Mains, late of Lower Tyrone Township, this county, died intestate October 9, 1967, age 78.

Letters of administration were issued to one of decedent's sons, Moses Q. Mains, Grennock, Pa., on October 13, 1967.

On petition of the administrator, a citation was issued, directed to David Daugherty to show cause why certain United States Series E Bonds issued in the names of David Daugherty or William Mains should not be inventoried and administered as part of decedent's estate.

A hearing was fixed for August 28, 1968, and testimony received.

J. R. Rygiel, Esq. appeared for the administrator and Bernard T. John, Esq., appeared for respondent, David Daugherty.

While no inventory has been filed, the testimony disclosed that several items of personal property were assets of decedent and were valued at $185, and sold by the administrator for that amount. This testimony was not disputed. Mr. Mains, the administrator, further testified decedent's funeral bill was $540.45, and that he borrowed money to pay this bill. This testimony was not disputed. The administrator was the only witness called.

Counsel for the administrator has submitted a statement showing the total of decedent's debts, including administration expenses, to be $932.56.

It is painfully obvious decedent's assets disposed of by the administrator for $185 are insufficient to pay decedent's debts.

It appears from the testimony, three $100 and 10 $500 United States Series E Savings Bonds in the total face value of $5,300 were found after decedent's death among his effects in a dresser drawer in his bedroom. The bonds, all purchased during 1965, were registered in the names of David Daugherty or William Mains, Mr. Mains and Mr. Daugherty were half-brothers.

In addition to the administrator, three other sons and several children of deceased children survive decedent.

Relying entirely upon Treasury regulations, Mr. Daugherty contends, as the surviving joint nominee, the bonds became his property upon the death of Mr. Mains.

Quoting from part of the regulations, we find the following:

"If either co-owner dies without the Bond having been presented and surrendered for payment or authorized for reissue, the survivor will be recognized as the sole and absolute owner."

We must not lose sight of an ancient legal principle, as old as the law itself and surely older than the Treasury regulations or the Congress that fathered them—it is that, "a man must be just before he is charitable."

Suppose a man had a list of creditors a mile and a half long and he converted his considerable assets to Series E United States Savings Bonds in his name plus "or" someone else. The someone else survived. If the regulations prevail, all decedent's creditors are defrauded. We do not think it is that way.

Counsel for the estate has indicated the estate will be satisfied, to avoid protracted litigation, for the bonds to be converted and decedent's debts, as hereinbefore indicated, paid and the remainder to be paid over to Mr. Daugherty.

In the circumstances of this case, the court is of the opinion this will be a fair compromise of the dispute and calling into play the equity powers of the court, while leaving unadjudicated the question of the absolutism of the Treasury regulations and a determination on the question of the validity of a gift inter vivos. We enter this

## DECREE

And now, April 22, 1969, it is hereby ordered and decreed that the bonds in question, as listed in the

administrator's petition, be endorsed by David Daugherty and converted into cash; that decedent's debts in the amount of $932.56 be paid from said fund; that the inheritance tax, as calculated by the inheritance tax authorities, be paid from said fund; that Bernard T. John, Esq., be paid a reasonable fee, as attorney for David Daugherty, from said fund and that the balance of said fund be paid to David Daugherty.

It is further ordered and decreed that the value of the personal effects of decedent, namely $185, be allowed Moses Q. Mains, as his commission as administrator.

All known heirs of decedent shall be notified by certified mail, by the administrator, of this decree.

If the said David Daugherty shall decline to comply with this decree in negotiation of said bonds, the court will appoint a trustee to negotiate said bonds in his stead.

This decree to become final unless exceptions are filed hereto within 20 days from the date hereof.